UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Rigoberto Martinez, Andres Perez, Jorge Lopez, Concepcion Garcia, and Jose Hernandez | : | CIVIL ACTION NO: 3:12-cv-1090 |
| Plaintiffs | : | |
| v. | : | |
| Young & Son Remodeling, LLC, and Douglas Young | : | |
| Defendants | : | July 26, 2012 |

**COMPLAINT**

**I.   INTRODUCTION**

1. This is an action brought by the plaintiffs, a group of four laborers, against the defendants, Young & Son Remodeling, Inc. and Douglas Young, arising from the defendants' failure to pay the plaintiffs wages for their work. The plaintiffs allege violations of the minimum wage and overtime wage provisions of the federal Fair Labor Standards Act, 29 U.S.C. §201, et seq., and the minimum wage, overtime wage and wage payment provisions of Connecticut law, Conn.Gen.Stat. §31-58 et seq. The plaintiffs seek double their unpaid wages pursuant to the FLSA, double their unpaid wages pursuant to Conn.Gen.Stat. §31-72, and their reasonable attorney's fees and costs pursuant to both the federal and state laws.

**II.  JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

4. The plaintiffs are Rigoberto Martinez, Andres Perez, Jorge Lopez, Concepcion Garcia, and Jose Hernandez.  The plaintiffs are residents of Springfield, Massachusetts.  At all times relevant to this Complaint the plaintiffs were employees of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5. At all times relevant to this Complaint, the plaintiffs were employees engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6. Defendant Young & Son Remodeling, LLC has a place of business at 151 Abbott Road, Ellington, Connecticut.  Defendant Douglas Young is the managing member of Young & Son Remodeling, LLC, and he resides at the same address.  At all times relevant to this Complaint, defendant Young made all relevant decisions regarding payment of wages to the plaintiffs by Young & Son Remodeling, LLC.  At all times relevant to this Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV. STATEMENT OF FACTS

7. The plaintiffs at various times in the period from March 2009 through December 2011, all performed work, including roofing work, for the defendants and at the direction of the defendants.

8. The defendants agreed to pay each of the plaintiffs at the rate of $12.00 an hour for his work.

9. The plaintiffs were each and all non-exempt employees within the meaning of the Fair Labor Standards Act and Connecticut law, and as such were entitled to be paid one and one-half times their regular hourly rate of pay for each hour worked in excess of forty hours in a one week period.

10. In the final two (2) weeks of their employment by the defendants, the plaintiffs worked the following hours:

| | |
|---|---|
| Rigoberto Martinez | 81.8 hours |
| Andres Perez | 101.6 hours |
| Jorge Lopez | 94.5 hours |
| Concepcion Garcia | 88.6 hours |
| Jose Hernandez | 101.6 hours |

11. In the final two (2) weeks of their employment by the defendants, the plaintiffs earned the following amounts in wages:

| | |
|---|---|
| Rigoberto Martinez | $ 992.40 |
| Andres Perez | $1,348.80 |
| Jorge Lopez | $1,221.00 |
| Concepcion Garcia | $1,042.80 |
| Jose Hernandez | $1,348.80 |

12. The defendants owe the plaintiffs a total of $5,953.80 in unpaid wages.

13. On multiple occasions, before and after the plaintiffs ended their employment, they requested that the defendants pay them the wages they are owed. The defendants have refused to do so.

## V.    COUNT ONE: FLSA MINIMUM WAGE VIOLATIONS

1.    The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 13, above.

14.    At all times relevant to the Complaint, the federal minimum wage was $7.25 an hour.

15.    The defendants did not pay the plaintiffs at least the federal minimum wage for each hour of work that they performed during the final two week period of their employment, in violation of the minimum wage provisions of the federal Fair Labor Standards Act, 29 U.S.C. §206.

16.    The defendants' failure to pay the federal minimum wage for each hour of the plaintiffs' work was willful, inasmuch as the defendants were aware of their obligation to pay the plaintiffs consistent with the federal minimum wage and did not do so.

## VI.   COUNT TWO: CONNECTICUT MINIMUM WAGE VIOLATIONS

1.    The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 16, above.

17.    During the plaintiffs' employment by the defendants, the Connecticut minimum wage was $8.25 an hour for each hour worked.

18.    The defendants did not pay the plaintiffs at or above the Connecticut minimum wage during the period of their employment, in violation of Connecticut minimum wage laws, including Conn.Gen.Stat. §31-68.

19.    The defendants' failure to pay the Connecticut minimum wage for each hour of the plaintiffs' work was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware of their obligation to pay the plaintiffs consistent with the Connecticut minimum wage and did not do so, even after repeated requests from the plaintiffs.

## VII. COUNT THREE: FLSA OVERTIME VIOLATIONS

1. The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 19, above.

20. The defendants failed and refused to pay the plaintiffs at one and one-half times their regular rate of pay for all hours worked in excess of forty hours a week, as required by 29 U.S.C. §207.

21. The defendants' failure to pay the plaintiffs their overtime wages was willful, inasmuch as the defendants were aware of their obligation to pay the plaintiffs consistent with the federal minimum wage and did not do so.

## VIII. COUNT FOUR: CONNECTICUT OVERTIME VIOLATIONS

1. The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 21, above.

22. The defendants failed and refused to pay the plaintiffs at one and one-half times their regular rate of pay for all hours worked in excess of forty hours a week, as required by Conn.Gen.Stat. §31-76c.

23. The defendants' failure to pay the plaintiffs their overtime wages was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware of their obligation to pay the plaintiffs consistent with the Connecticut minimum wage and did not do so, even after repeated requests from the plaintiffs.

## IX. COUNT FOUR: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES

1. The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 23, above.

24. The defendants failed to pay each of the plaintiffs all of the wages that were owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

25. The plaintiffs bring this action pursuant to Conn.Gen.Stat. §31-72, seeking payment of the wages that they are owed.

26. The defendants' failure to pay wages at the agreed-upon rate as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware of their obligation to pay the plaintiffs and did not do so.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiffs requests that this Court:

1. Order the defendants to pay to the plaintiffs all wages owed, consistent with the federal and Connecticut minimum wage and overtime wage payment laws, and Conn.Gen.Stat. §31-72;

2. Award the plaintiffs liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b);

3. Award the plaintiffs double damages for all wages owed pursuant to Connecticut law, including but not limited to Conn.Gen.Stat. §31-68 and  and Conn.Gen.Stat. §31-72.

4. Award the plaintiffs their reasonable attorney's fees and costs;

5. Award the plaintiffs prejudgment and post-judgment interest.

6. Award the plaintiffs such other legal and equitable relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED
THE PLAINTIFFS, by


_____
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com