```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| RIGOBERTO MARTINEZ, <br> ANDRES PEREZ, JORGE LOPEZ, <br> CONCEPCION GARCIA and <br> JOSE HERNANDEZ <br> <br> v. <br> <br> YOUNG & SON REMODELING, LLC, <br> and DOUGLAS YOUNG | <br><br><br><br><br><br><br>CIV. NO. 3:12CV1090 (WWE) |

## RULING ON PLAINTIFF'S APPLICATION
## FOR PREJUDGMENT REMEDY

Rigoberto Martinez, Andres Perez, Jorge Lopez, Concepcion Garcia, and Jose Hernandez (collectively "plaintiffs"), a group of five laborers, bring this action to recover unpaid wages and damages for violations of the minimum wage and overtime wage provisions of the federal Fair Labor Standards Act, ("FLSA") 29 U.S.C. §203 et seq., and of Connecticut's minimum wage and overtime wage provisions, Conn. Gen. Stat. §31-58 et seq.[1] [Doc. #1; Doc. #41 at 1]. Defendants are Young & Son Remodeling, LLC, and Douglas Young, managing member of Young & Son Remodeling, LLC (collectively "defendants"). [Doc. #1]. Plaintiffs seek double their unpaid wages pursuant to the FLSA and Conn. Gen.

---

[1] By complaint dated July 26, 2012, plaintiffs allege at Count One: FLSA minimum wage violation, 28 U.S.C. §206; Count Two: Connecticut minimum wage violations, Conn. Gen. Stat. §31-68; Count Three: FLSA overtime violations, 28 U.S.C. §207; Count Four: Connecticut Overtime Violations, Conn. Gen. Stat. §31-76c; Count Five: Conn. Gen. Stat. §31-72 Claim for Unpaid Wages. [Doc. #1].

Stat. §31-72, and their reasonable attorney's fees and costs pursuant to both the federal and state laws.

Plaintiffs move for a prejudgment remedy ("PJR") and request that the Court issue an order attaching the property and assets of the defendants in the amount of fifteen thousand dollars ($15,000.00). [Doc. #41]. The parties agreed that the application could be decided on the papers and waived a hearing and oral argument. [Doc. #61]. The Court entered an order on February 25, 2013, prohibiting defendants from selling, encumbering or transferring any real property without prior notice to the Court. Defendants were given leave to expend company funds in the ordinary course of business. See Doc. #60.

In support of their application, plaintiffs filed the Affidavits of Rigoberto Martinez, Andres Perez, Jorge Lopez, Concepcion Garcia, and Jose Hernandez. [Doc. #41]. In response, defendants provided the Affidavit of Douglas Young. [Doc. #63-1].

**PROBABLE CAUSE STANDARD**

To grant a prejudgment remedy ("PJR") of attachment, the court must make a finding of "probable cause." Connecticut General Statutes § 52-278c(a)(2) requires that the application include:

> An affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into

>     account any known defenses, counterclaims or
>     set-offs, will be rendered in the matter in
>     favor of the plaintiff.

Connecticut General Statute §52-278d provides that a PJR hearing is limited to a determination of "whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff."

"Probable cause," in the context of a prejudgment remedy, has been defined by Connecticut courts as "a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." Three S. Dev. Co. v. Santore, 193 Conn. 174, 175 (1984) (quotation marks and citation omitted).

In other words, in addressing PJR applications, the "trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits." Calfee v. Usman, 224 Conn. 29, 36-37 (1992) (citation omitted). A probable cause hearing for the issuance of a prejudgment remedy "is not contemplated to be a full scale trial on the merits of the plaintiff's claim." Id. at 37. The plaintiff need only establish that "there is probable cause to sustain the validity of the claim." Id. Probable cause "is a flexible common sense standard. It does not demand that a belief be correct or more likely true than

false." New England Land Co. v. DeMarkey, 213 Conn. 612, 620 (1990) (citation omitted).

After a hearing, the Court considers "not only the validity of the plaintiff's claim but also the amount that is being sought." Calfee, 224 Conn. at 38. The Court will make a determination of how much of the defendant's property may properly be attached in order to safeguard the collectibility of a potential future judgment in favor of the plaintiff." Calfee, 224 Conn. at 39. "[D]amages need not be established with precision but only on the basis of evidence yielding a fair and reasonable estimate." Burkert v. Petrol Plus of Naugatuck, Inc., 5 Conn. App. 296, 301 (1985) (citation omitted).

"[T]he Court must evaluate not only the plaintiff's claim but also any defenses raised by the defendant." Haxhi v. Moss, 25 Conn. App. 16, 20 (1991) (citation omitted).

**FINDINGS**

Based on the affidavits, the undisputed facts are as follows.

Plaintiffs aver that defendants employed them and agreed to pay them at the rate of $12.00 an hour to perform work, including roofing work, at various times from March 2009 through December 2011. The defendants agreed to pay each of the plaintiffs at the rate of $12.00 per hour for his work. The plaintiffs were each and all non-exempt employees within the meaning of the FLSA and Connecticut law, and as such were entitled to be paid one and one-half times their regular hourly

4

rate of pay for each hour worked in excess of forty hours in a one week period. [Doc. 41-2-41-6].

In the final two (2) weeks of their employment by the defendants in December 2011, plaintiffs worked the following hours. [Doc. 41-2-41-6].

| | |
|---|---|
| Rigoberto Martinez | 81.8 hours |
| Andres Perez | 101.6 hours |
| Jorge Lopez | 94.5 hours |
| Concepcion Garcia | 88.6 hours |
| Jose Hernandez | 101.6 hours |

In the final two weeks of their employment by the defendants, the plaintiffs earned the following amounts in wages.  [Doc. 41-2-41-6].

| | |
|---|---|
| Rigoberto Martinez | $  992.40 |
| Andres Perez | $1,348.80 |
| Jorge Lopez | $1,221.00 |
| Concepcion Garcia | $1,042.80 |
| Jose Hernandez | <u>$1,348.80</u> |
| **TOTAL UNPAID WAGES** | **$5,953.80** |

It is uncontested that plaintiffs worked these hours and that defendants have not paid plaintiffs the wages due them. Defendants offered no employment records or set-off calculation regarding unpaid wages. Defendants did not challenge plaintiffs' PJR request for attorneys' fees of $10,000.

5

**<u>Defendant Douglas Young</u>**

Defendants offer two arguments in opposition to plaintiffs' PJR application. First, they argue that because defendant Young is a member of a limited liability company, he is not a proper party in this litigation and plaintiffs have not met the legal standard for piercing the corporate veil of the LLC.  In his affidavit, Douglas Young avers that although he is a member of Young & Son Remodeling, LLC, the LLC was solely responsible for the contracting, hiring, and employment for all construction projects. Young avers that he did not personally contract, hire or employ any of the named plaintiffs in his case.  Finally, Young avers that the LLC contracted with plaintiffs as independent contractors for construction projects. [Doc. 63-1 ¶¶3-7].  Douglas Young argues that plaintiffs cannot meet either of the two exceptions for disregarding the corporate shield and thus, the PJR cannot attach to the individual defendant Young. [Doc. #63 at 6].

The Court finds that under both the FLSA and Connecticut wage laws, Douglas Young is proper party to this litigation.

It is well established that a corporate officer may be held individually liable under the FLSA as an "employer."  Under the FLSA, the term "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."  29 U.S.C. §203(d).  "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally

6

liable under the FLSA for unpaid wages. Personal liability has been found even against a corporate officer who lacks an ownership interest in the corporation, or has a minimal ownership interest." Donovan v Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983) (citations omitted). See, Dole v. Lombardi Enterprises, Inc., 761 F. Supp. 233, 237 (D. Conn. 1991) ("individuals who control or operate a business and act directly upon employees are employers under the Act.") (citing Donovan, 712 F.2d at 1510-14 and Schultz v. Mack Farland & Sons Roofing, 413 F.2d 1296, 1299-1301 (5th Cir. 1969).

The Connecticut wage laws define "employer" in a similarly broad fashion.

> "Employer" means any owner or any person, partnership, corporation, limited liability company or association of persons acting directly as, or in behalf of, or in the interest of the employer. . . .

Conn. Gen. Stat. §31-58(e).

> "Employer" includes any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased person, the conservator of the estate of an incompetent, or the receiver, trustee, successor or assignee of any of the same, employing any person, including the state and any political subdivision thereof;

Conn. Gen. Stat. §31-71(a).  The Court agrees.

Interpreting these statutory definitions of the term "employer," the Connecticut Supreme Court stated that "an individual personally can be liable as an employer pursuant to §31-72, notwithstanding the fact that a corporation is also an employer of the claimant, if the individual is the

ultimate responsible authority to set the hours of employment and to pay wages and is the specific cause of the wage violation." Butler ex rel Skidomre v. Hartford Technical Institute, Inc., 243 Conn 454, 463-64 (1997).

Here, Young is the sole principal in the LLC. Although Young avers that he did not "personally" contract, hire or employ any of the plaintiff, he has not identified any other agent of the LLC who held any position of responsibility for these or any other managerial functions. [Doc. #63-1, Young Aff. ¶6]. Nevertheless, Young asserted in the affidavit that he had knowledge regarding the nature of the employment relationship between the LLC and the plaintiffs and that they were engaged as independent contractors. [Doc. #63-1, Young Aff. ¶7]. Plaintiffs provided affidavits in which they each aver that both Young & Son Remodeling, LLC, and Douglas Young hired them and offered to pay them wages at hourly rates. [Doc. #41, Ex. 1-5].

Plaintiffs assert that defendants mistakenly believe that Douglas Young is being sued in his capacity as a member of Young & Son Remodeling, LLC. Rather, plaintiff is alleging that Young is an "employer" as that term is defined under the FLSA, 29 U.S.C. §203(d), and Conn. Gen. Stat. §§31-58€ and 31-71(a). On the current record, Douglas Young is the sole member of the LLC and, as the only individual who has been identified as possessing any

8

authority to make any decisions regarding the retention of the plaintiffs to perform work, Young is an ""employer.

Applying the appropriate standard for a PJR, plaintiffs have established probable cause that Young meets the definition of "employer" for purposes of the FLSA and the Connecticut wage laws.

### **Defendant Young & Son Remodeling, LLC**

Second, defendants argue that the plaintiffs were independent contractors and were therefore not employees of Young & Son Remodeling, LLC, so that they are therefore not able to claim relief for violations of their rights under federal and state wage and hour laws.

The FLSA defines an "employee" to include "any individual employed by an employer," it defines the verb "employ" expansively to mean "suffer or permit to work." <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 326 (1992) (citing 29 U.S.C. §§203(e)(g)). The United Supreme Court has stated that these broad definitions are "comprehensive enough to require its application to many persons and working relationships, which prior to [the FLSA], were not deemed to fall within an employer-employee category." <u>Walling v. Portland Terminal Co.</u>, 330 U.S. 148, 150-51 (1947).

> Recognizing the expansive nature of the FLSA's definitional scope and the remedial purpose underlying the legislation, courts construing this statute have adopted the 'economic realities' test under which individuals are considered employees if as a matter of

9

> economic reality they are dependent upon the business to which they render service.

Frankel v. Bally, Inc., 987 F.2d 86, 89 (2d Cir. 1993) (quoting in part, Bartels v. Birminham, 332 U.S. 126, 130 (1947) (quotation marks omitted).

The Second Circuit has identified five factors in determining whether individuals are "employees" or "independent contractors" for purposes of the FLSA. These factors, derived from United States v. Silk, 331 U.S. 704 (1947), and known as the "economic reality test," include,

1. The degree of control exercised by the employer over the workers,
2. The workers' opportunity for profit or loss and their investment in the business,
3. The degree of skill and independent initiative required to perform the work,
4. The permanence of duration of the working relationship, and
5. The extent to which the work is an integral part of the employer's business.

Brock v. Superior Care, Inc., 840 F.2d 1054, 1058-59 (2d Cir. 1988) (citations omitted).  "No one of these factors is dispositive; rather, the test is based on a totality of the circumstances. The ultimate concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves" Id.

The record before the Court on the PJR application is limited. In support of their PJR application, plaintiffs aver that they were hired on an hourly basis at an hourly rate of $12.00 per hour. [Doc. #41, Ex 1-5]. Defendants have not denied these facts. Rather, Douglas Young avers that the plaintiffs were hired as "independent contractors" while maintaining that he did not "personally contract, hire or employ any of the named plaintiffs" and defendants raise this contention as a special defense. [Young Aff. ¶6; Doc. #45]. Defendants have offered no case law in support of their argument.

The rule that exemptions to coverage by the FLSA are narrowly construed, with the burden placed on the employer to show that employees are exempt from such coverage, supports the conclusion that, on the PJR application, plaintiffs have met the probable cause standard that they were employees of the LLC for purposes of the FLSA. See Arnold v. Ben Kanowsky, Inc., 361 U.S. 388, 392 (1960) (Exemptions to coverage by the FLSA "are to be narrowly construed against the employers seeking to assert them.").

Under Connecticut law, the ABC test is used to determine whether a person is an independent contractor or an employee.

> Under the ABC test any service provided by an individual is considered employment, unless and until the recipient of the services provided has sustained the burden of showing to the satisfaction of the administrator that (I) such individual has been and will continue to be free from control and direction in connection with the performance of such service, both under his contract for the performance of service and in fact; and (II) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the

11

> service is performed; and (III) such individual is customarily engaged in an independently established trade occupation, profession or business of the same nature as that involved in the service performed . . . .

Latimer v. Administrator, 216 Conn. 237, 247 (1990). (Internal quotation marks omitted.) The ABC test is conjunctive; all parts must be satisfied to exclude an employer under the Act. Id. (citation omitted).

In opposition to the PJR, defendants have not cited the ABC test, nor have they met their burden. Accordingly, on this record, plaintiffs have made the probable cause showing that they are employees under Connecticut wage laws.

## AMOUNT OF THE PJR ATTACHMENT

Plaintiffs seek damages in the amount of unpaid regular and overtime wages, double damages as provided by law, and the payment of reasonable attorneys' fees and costs. [Doc. 41-2-41-6]. For purposes of the PJR, plaintiffs are seeking $15,000 representing unpaid wages, and estimated attorneys' fees in the amount of $10,000. [Doc. #41 at 6]. Defendants did not challenge this estimate.

Based on the evidence presented, the Court finds probable cause to believe that a judgment in the amount of at least $15,000.00 will be rendered in favor of plaintiffs in a trial on the merits. Calfee v. Usman, 224 Conn. 29, 36-37 (1992); see Conn. Gen. Stat. §52-278c(a)(2).

| | |
|---|---|
| Rigoberto Martinez | $   992.40 |
| Andres Perez | $1,348.80 |
| Jorge Lopez | $1,221.00 |
| Concepcion Garcia | $1,042.80 |
| Jose Hernandez | $1,348.80 |
| **TOTAL UNPAID WAGES** | **$ 5,953.80** |
| **ESTIMATED ATTORNEYS' FEES** | **$10,000.00** |
| **TOTAL PJR SOUGHT** | **$15,000.00** |

**CONCLUSION**

Based on the foregoing, plaintiff's Application for a Prejudgment Remedy **[Doc. #41]** is **GRANTED** in the amount of $**15,000.00** against defendants Young & Son Remodeling, LLC, and Douglas Young.

This is not a recommended ruling.[6] This is a ruling on an Application for Prejudgment Remedy which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless

---

[6] See Aetna Life Ins. Co. v. Toothsavers Dental Serv., No. 96 CV 570 (GLG), 1997 WL 102453 (D. Conn. Feb. 4, 1997) (finding referral to Magistrate Judge "for the purpose of a hearing on prejudgment remedy" was a request for a determination of the prejudgment remedy pursuant to 28 U.S.C. §636(b)(1)(A) and was not a recommended ruling effective only upon a District Court Judge's review and adoption, pursuant to 28 U.S.C. §636(b)(1)(B)).

reversed or modified by the district judge upon motion timely made.

Dated at Bridgeport this 2nd day of April 2013.

_____/s/_____
HOLLY B. FITZSIMMONS